IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-043-RJC-DCK

| | |
|---|---|
| XIUQIN CHEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| ALEJANDRO MAYORKAS, UR MENDOZA | ) |
| JADDOU, and ANDREA QUARANTILLA, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motion To Dismiss" (Document No. 14). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

### I. BACKGROUND

Plaintiff Xiuqin Chen ("Chen" or "Plaintiff"), appearing *pro se*, initiated this action with the filing of a Complaint in the United States District Court for the Eastern District of New York on November 4, 2022. (Document No. 1). By the Complaint, Chen sought "to compel adjudication of two Form I-730 Refugee/Asylee Petitions for her two minor children as beneficiaries." (Document No. 15, p. 1) (citing Document No. 1, pp. 3-4; Document No. 1-1, p. 1). On January 6, 2023, the parties stipulated to the transfer of this action from New York to this Court. (Document No. 5). Plaintiff resides in Charlotte, North Carolina. <u>Id.</u> The lawsuit was then officially transferred on January 26, 2023. (Document No. 6).

Defendants' pending "Motion To Dismiss" (Document No. 14) was filed on July 20, 2023. According to Defendants, "the action Plaintiff seeks to compel has now occurred, as indicated in the decisions rendered by the United States Citizenship and Immigration Services filed herewith as Exhibits A and B." (Document No. 14, p. 1).

Also on July 20, 2023, the Court issued a Roseboro Order advising *pro se* Plaintiff of the right to respond. (Document No. 16). Plaintiff has failed to file a response, and the time to do so has lapsed. See LCvR 7.1(e).

The pending motion is ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss

"only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Id.  See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

### III.  DISCUSSION

The "Memorandum In Support Of Defendants' Motion To Dismiss" asserts that because the petitions Plaintiff sought to have adjudicated for her minor children, "have been adjudicated (and favorably, at that), this action is now moot" and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).  (Document No. 15, p. 1); see also (Document Nos. 15-1, 15-2).

Defendants further explain:

> Of the two Forms I-730, which Plaintiff filed as petitioner on behalf of the two minor children as beneficiaries, one was adjudicated by USCIS's Charlotte Field Office as indicated by notice of same dated January 24, 2023, Exhibit A, Approval Notice, and while the second one, involving a different field office and dealing with a beneficiary located overseas (unlike the other beneficiary), took several months longer, it was adjudicated and memorialized by notice of same on May 25, 2023.  Exhibit B, Notice of Approval and Travel Eligibility. There are no remaining claims or controversies that support subject-matter jurisdiction in this action.

(Document No. 15, p. 2).

Based on Defendants' arguments and legal authority and noting that Plaintiff has not filed any response to the motion, the undersigned finds that this action should be dismissed.

### IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants' "Motion To Dismiss" (Document No. 14) be **GRANTED**.

### V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days**

of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: September 5, 2023

David C. Keesler
United States Magistrate Judge